J-S14005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ALONZO HILL :
:
Appellant : No. 2635 EDA 2024

Appeal from the PCRA Order Entered August 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0303621-2001

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED JUNE 13, 2025**

Appellant, Alonzo Hill, appeals *pro se* from the August 29, 2024 order that dismissed his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely. Because Appellant failed to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's dismissal.

On August 18, 2003, the court sentenced Appellant to an aggregate term of life imprisonment after he pled guilty to First Degree Murder, Attempted Murder, Kidnapping, Sexual Assault, Arson, and Conspiracy for a crime spree that began with the shooting and killing of Kevin Williams with accomplice Jesse Crews. After the shooting, Appellant and Crews got into a dispute causing Crews to shoot Appellant and then go into hiding. Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

then attempted to locate Crews by firebombing Crews' home, kidnapping Crews' two younger brothers, killing one brother, and raping and attempting to kill the other brother.

Appellant did not file a direct appeal but proceeded to file two unsuccessful PCRA petitions.

On February 20, 2024, Appellant filed the instant *pro se* PCRA petition, his third, attempting to invoke both the newly discovered fact and governmental interference exceptions to the PCRA time-bar by averring that Detective David Baker coerced him into signing a false confession through violence, stating, verbatim: "it has been revaaled that Detective David Bak has ahabitual pattern practice and foutire of cocrcing." PCRA Pet., 2/20/24, at 15 (unpaginated; some capitalization omitted). Appellant also asserted, verbatim, that he "could not file his due diligence do to him not having knowledge of the Detective s names" and that he tried "to go through [OOR] numorous request for access to case records." *Id.* at 16 (unpaginated; some capitalization omitted).

On April 12, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice to dismiss Appellant's PCRA petition without a hearing, finding that Appellant failed to invoke an applicable timeliness exception. Appellant filed a response on May 8, 2024, and, after further review, the PCRA court dismissed Appellant's petition as untimely on August 29, 2024.

Appellant filed a timely *pro se* appeal. The court did not order Appellant to file a Rule 1925(b) statement, and he did not file a statement. The PCRA

- 2 -

court issued an opinion on August 29, 2024, explaining that Appellant failed to plead and prove an exception to the PCRA time-bar. In his *pro se* brief to this Court, Appellant raises numerous issues for our review.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." **Commonwealth v. Smith**, 167 A.3d 782, 787 (Pa. Super. 2017).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1), the government interference, newly discovered fact, and new constitutional right exceptions. **Id.** Any petition

invoking a timeliness exception must be filed within one year of the date the claim could have been presented. *Id.* at § 9545(b)(2).

To satisfy the newly discovered facts exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Id.* at § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence***." Id.* at 1272 (internal quotation marks omitted), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. ***Commonwealth v. Brensinger***, 218 A.3d 440, 449 (Pa. Super. 2019)*.* A petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001). Finally, "[w]hile the law provides that Appellant need not provide a nexus between the newly discovered fact and his conviction, he still must provide a connection between the fact and his underlying claim." ***Commonwealth v. Fears***, 250 A.3d 1180, 1189 (Pa. 2021).

The government interference exception requires proof that "the failure to raise the claim previously was the result of interference by government

officials[.]" 42 Pa.C.S. § 9545(b)(1)(i). *See also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). This requires the petitioner to show that, due to the interference of a government actor, "he could not have filed his claim earlier." *Commonwealth v. Vinson*, 249 A.3d 1197, 1205 (Pa. Super. 2021) (citation omitted).

Upon review, Appellant fails to plead and prove either exception to the PCRA time-bar. As the PCRA court explains, Appellant had prior personal knowledge of Detective Baker's alleged coercion and, therefore, fails to invoke the newly discovered fact time-bar exception. The court opines:

> [Appellant] purports that, at this interrogation, Detective David Baker coerced a false confession from him through physical assault. Specifically, Appellant contends that Detective Baker choked him and struck him with an open hand, after which Appellant asserts that he signed a false confession. However, [Appellant] fails to demonstrate the absence of his prior knowledge of this purported fact. As [Appellant] would have experienced the alleged physical violence at the interrogation directly, the alleged fact of Detective Baker's assault against him constitutes prior personal knowledge. Accordingly, [Appellant] does not establish that the purported coercion was previously unknown, and therefore fails to plead and prove the newly[]discovered fact exception to the PCRA time[-]bar.

PCRA Ct. Op., filed 8/29/24, at 1-2. We agree.

Appellant's claim that he recently discovered Detective Baker's pattern of behavior likewise fails to invoke the newly discovered fact exception to the PCRA time-bar. It is well-settled that "[t]he focus of the exception is on the newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720

(Pa. 2008) (citation and internal quotation marks omitted). Appellant previously knew that Detective Baker allegedly coerced his confession, and corroborating sources do not overcome the PCRA time-bar. Moreover, Appellant fails to specify when, and how, he discovered Detective Baker's pattern of behavior, which is also fatal to his claim.

Finally, Appellant avers generally that he attempted numerous times to obtain Detective Baker's name but fails to demonstrate how government interference delayed him from raising his claim. Without more, Appellant fails to plead and prove the government interference exception to the PCRA time-bar.

In sum, the PCRA court properly dismissed Appellant's untimely PCRA petition. Appellant failed to plead and prove an exception to the PCRA time-bar. Accordingly, we are without jurisdiction to review the merits of this appeal. We, thus, affirm the denial of relief.[1]

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/13/2025

---

[1] Appellant's application for relief, filed April 9, 2025, is denied. Appellant's "Application for Remand Pursuant to Pa.R.A.P. 123," filed April 23, 2005, is denied.